# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CHEVRON INTELLECTUAL PROPERTY, L.L.C. | § § § | |
| v. | § § | Case No. 4:10cv352 (Judge Schneider/Judge Mazzant) |
| MOHINDER MASHIANA | § § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 10, 2011, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff's Motion for Default Judgment (Dkt. #9) should be GRANTED.

Having received the report of the United States Magistrate Judge, and no objections thereto having been timely filed, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

It is therefore ORDERED that Plaintiff's Motion for Default Judgment Against Defendant Mohinder Mashiana (Dkt. #9) is GRANTED.

It is further ORDERED that:

1. Mohinder Mashiana and all agents, employees, and all persons in active concert with him, or any of them, except as permitted in this Injunction, are enjoined from operating the facility located at 508 E. Byron Nelson Blvd., Roanoke, Texas 76262 (the "Facility") using Chevron's

Texaco Marks and Trade Dress or any similar variations thereof (including, but not limited to, all exterior and interior signage, banners and labeling, trade names, and advertising), unless they obtain a license with Chevron to do so.

2. Mohinder Mashiana and all agents, employees, and all persons in active concert with him, or any of them, except as permitted in this Injunction, are enjoined from displaying Chevron's Texaco Marks and Trade Dress or any similar variations thereof (including, but not limited to, all exterior and interior signage, banners and labeling, trade names, and advertising) on the property located at the Facility, whether or not the Facility is operating, unless they obtain a license with Chevron to do so.

3. Mohinder Mashiana and all agents, employees, and all persons in active concert with him, or any of them, are required to remove or cover any Texaco Marks, or evidence of the existence of former Texaco Marks, or any similar variations thereof, from the gas station canopy, walls, building facade, gas pumps, and advertisements.

4. Mohinder Mashiana and all agents, employees, and all persons in active concert with him, or any of them, are required to neutralize any Texaco Trade Dress from the facility's canopy, walls, building facade, and its gas pumps. In order to neutralize Texaco Trade Dress as required herein, the facility's pumps, canopy, signs, walls, and building facade must be painted in a color scheme that does not result in a black and red color combination.

5. Defendant is ordered to deliver to Plaintiff's attorney within thirty (30) days after issuance of this Judgment, to be impounded or destroyed by Plaintiff, all signs, labels, packages, wrappers and advertisements bearing Chevron's Texaco Marks and Trade Dress, or any similar variations thereof.

6. Plaintiff and its authorized agents or contractors are granted the legal right to enter onto the property located at 508 E. Byron Nelson Blvd., Roanoke, Texas 76262 (the "Facility") and do whatever is reasonably necessary to debrand the Facility of all Texaco Marks and Texaco Trade Dress, including but not limited to removing and/or painting any and all canopies, pumps, and building facades, as well as removing any Texaco, Power Plus, Power Premium, and CleanSystem 3 signs, symbols, and marks.

7. Within thirty (30) days after issuance of this Judgment, Defendant is required to file with the Clerk of this Court and serve on Plaintiff, a report in writing, under oath, setting forth in detail the manner and form in which the Defendant has complied with the foregoing injunction.

8. As this is an exceptional case, Chevron is entitled to its reasonable attorney's fees and costs of this civil action as authorized by Section 35 of the Lanham Act, 15 U.S.C. §§ 1117 and 1125(c)(2). Plaintiff shall recover against Defendant reasonable attorney's fees in an amount to be determined pursuant to Federal Rule of Civil Procedure 54(d).

9. In the event that any part of this Injunction is violated by any of the named Defendants, the Plaintiff may, by motion with notice to Defendant, apply for sanctions or other relief that may be appropriate.

**It is SO ORDERED.**

**SIGNED this 6th day of July, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE